JOHN HOLMES, Petitioner for Review, *versus* DANIEL FOX & *al.*

Where a resident of this State is temporarily absent, leaving an agent here, no valid service in a suit against him can be made by leaving a summons at the last and usual place of abode of his agent.

These facts appearing upon demurrer to a petition for a review, and it further appearing that the plaintiff had had no hearing, a review was granted.

THIS was a petition for a review, to which a demurrer was filed.

The facts sufficiently appear in the opinion of the Court.

Holmes *v.* Fox.

*Fox*, in support of the demurrer, insisted that the officer's return was conclusive, and that the plaintiff's remedy was against him for a false return, and cited *Bruce* v. *Holden*, 21 Pick. 189; *Stinson* v. *Snow*, 1 Fairf. 263; *Agry* v. *Betts*, 3 Fairf. 415.

*A. Haines, contra,* referred to st. 1821, c. 57, § 1, 2; st. 59, § 1, 2.

*Per Curiam.* It appears from the plaintiff's petition, that he is a resident in this State, and that while temporarily absent at New Orleans, a writ was served by leaving a summons with his agent at his residence at Portland. These facts are admitted by the demurrer.

The question then arises whether or not, upon these facts, the plaintiff is entitled to his writ of review. It is objected, that the officer has returned that he did make service of the original writ by leaving a summons at the last and usual place of abode of the agent of the plaintiff, and that his return is conclusive; and if false, that the plaintiff's remedy is against such officer for a false return. But there are difficulties in arriving at this conclusion. The service upon the agent of the plaintiff, if the plaintiff was a resident and had his domicil in this State — and those facts the demurrer admits — was illegal, it being unauthorized by statute, save in two cases,— one when the individual, upon whose agent service was made, was never an inhabitant of this State — the other, when having been an inhabitant, he has removed and changed his domicil.

The service made was not then good by statute. Besides, though the return of an officer be conclusive, the statute regulating reviews gives the Court great discretionary powers in relation to granting them or not. They are not limited by technical rules, but whenever it is satisfactorily made to appear that injustice has been done, the power is given them to remedy that injustice by granting the party injured his writ of review. It appears in this case that there has been no service, and that the plaintiff has had no hearing.

*Review granted.*